FELIPE SEGARRA-SERRA, Plaintiff and Appellee, *v.* ANA MARÍA MANESCAU ET AL., Defendants and Appellants.

No. 4367. Argued May 1, 1928.—Decided December 14, 1928.

*Leopoldo Tormes* for the appellants. *Miguel Bahamonde* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Felipe Segarra brought an action in the District Court of Ponce against Ana María Manescau and Mercedes Figueroa

to recover on obligations amounting to the sum of $864.34. Three separate causes of action are set up in the complaint, as follows:

1.—"That on December 19, 1925, the defendants signed jointly and severally before notary Francisco R. Cortes a note for $118.00 to mature on June 19, 1926, promising to pay interest thereon at the rate of 12 percent annually and the costs and attorney's fees in case of suit.

"That the said obligation of $118.00 and the interest amounting to $15.34 have not been paid, notwithstanding the various demands made to that effect, and the defendants owe on this obligation the sum of $133.34.

2.—"That on June 19, 1926, the defendants signed jointly and severally in favor of the plaintiff a note for $500, promising to pay interest thereon at the rate of 12 percent annually, together with the costs, expenses and attorney's fees in case of suit.

"That the aforesaid note matured, demand for payment was made on the defendants and they did not pay the note, which with interest thereon amounts to $513.00.

3.—"That on October 29 the defendants signed jointly and severally another note for $200 to mature on December 29, promising to pay interest at the rate of 12 per cent annually, together with the costs and attorney's fees in case of suit.

"That the said obligation is due and demand for payment has been made on the defendants who have refused to pay it, saying that they have not the amount in cash."

The defendants demurred and the demurrer was overruled. Defendant Manescau answered by repeating her plea on demurrer that the complaint did not adduce facts sufficient to determine a cause of action and alleging certain facts as grounds of opposition.

Defendant Figueroa made no answer, but appeared at the trial by the same attorney who represented defendant Manescau. Oral and documentary evidence was heard and the court finally rendered judgment for the plaintiff.

The evidence examined is not included in the record. It appears only that it was weighed by the trial court as follows:

"The court having heard all of the evidence introduced in the

present case, it considers that the plaintiff has proved all of the facts alleged in the complaint, *i. e.,* that the defendants signed jointly and severally three notes obliging themselves to pay to the plaintiff the sums of $118, $500 and $200 with interest thereon at the rate of 12 percent annually, which obligations matured on the dates mentioned and have not been paid by the defendants although payment thereof was demanded of them by the plaintiff; that the evidence introduced by the defendants refers to other negotiations which existed between the parties independently of the obligations, and that it has not been shown to the satisfaction of the court that the plaintiff received from the defendants interest in excess of 12 percent annually.''

The defendants objected to the judgment and appealed to this court. They contend that the district court erred in overruling the demurrer and consequently that the judgment appealed from is contrary to law. They allege that the complaint is defective because, although it alleges that the defendants signed the notes, it does not allege that they were delivered to the plaintiff. They invoke in support of their contention the opinions of this Supreme Court in *Bennett* v. *Boschetti,* 31 P.R.R. 809; *Schlüter & Co.* v. *González,* 34 P.R.R. 292, and *Fornaris* v. *Font,* 35 P.R.R. 559.

In our opinion the demurrer should have been sustained for the reason that the delivery of the notes was not alleged. It will be sufficient to quote from the opinion of this court in one of the cases cited. It is as follows:

'' 'Sec. 80. The execution of an instrument is the subscribing and delivering it, with or without affixing a seal.'

''The statute seems clear. It is not enough to sign the instrument; but its delivery is essential. The theory of the law is that the contract is consummated by the delivery of the instrument.

'' 'It is an essential ingredient in every written contract that it be delivered by the party obligating himself, to some one who has a right to control it; the delivery, being the evidence of the assent of the promisor, and the reception by the promisee, consummates the contract. And so as a general rule, a negotiable promissory note, like any other written instrument, has no legal inception or valid existence as such until it has been delivered in accordance with the purpose and intention of the parties.' 3 R.C.L. p. 859, sec. 40.

"See the case of *Bennett* v. *Boschetti*, 31 P.R.R. 809." *Schlüter & Co.* v. *González*, 34 P.R.R. 292.

It is alleged by the appellee in his brief that—

"This case is distinguished from that of Schüter v. Gonzales, *supra*, in that in the present case the defendant admitted in her answer that she owed the plaintiff the sums claimed and therefore the alleged defect, if any, was cured. Moreover, this case was decided on its merits and the defendant had ample opportunity under her denial, with the result, therefore, that the failure to make that allegation has in no wise prejudiced the defendant-appellants, for the existence of that allegation would not have changed the result of the litigation. For the above reasons it clearly appears that the appeal is frivolous and dilatory."

He then cites jurisprudence in regard to correcting defects by the allegations of the adverse party.

One of the defendants did not answer and hence admitted nothing. We have examined the answer of the other defendant and in our opinion it can not be concluded that it admits the existence of the three causes of action in such a way as to demonstrate a correction of the fundamental defect of the complaint.

We can not accept the theory of the appellee that the defendants were obliged to prove at the trial that the notes were not delivered. The burden was on the plaintiff to prove the existence of the obligation on which he sued.

Although it was not necessary, we have transcribed the findings of fact of the trial court because it does not appear from them that there were sufficient facts to support the judgment rendered. The delivery of the notes is not found to have been proved. It is said only that they were signed by the defendants and that is not sufficient, as held by this court in the cases cited.

The appeal must be sustained and a judgment rendered dismissing the complaint for lack of facts sufficient to determine a cause of action.